# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NICHOLAS MENEI,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0175**  (BOR Appeal No. 2049687)
(Claim No. 2013022897)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nicholas Menei, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, LLC, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2015, in which the Board affirmed an August 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 5, 2013, decision granting Mr. Menei a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Menei sustained a fractured left tibia and fibula on January 31, 2013, when he was struck by a man trip. Following the injury, Mr. Menei was transported to Raleigh General Hospital's emergency department where his leg was surgically repaired. On February 1, 2013, the claim was held compensable for a closed tibia/fibula fracture of the left leg. Mr. Menei has undergone three independent medical evaluations to evaluate the degree of permanent impairment arising from the compensable injury.

1

On June 25, 2013, Prasadarao Mukkamala, M.D., evaluated Mr. Menei. Dr. Mukkamala noted that Mr. Menei reported that he was not experiencing any residual symptoms as a result of the compensable injury and had returned to work at full duty in April of 2013. Dr. Mukkamala then stated that Mr. Menei's physical examination was normal, and opined that Mr. Menei sustained 0% whole person impairment as a result of the compensable injury. On July 5, 2013, the claims administrator granted Mr. Menei a 0% permanent partial disability award based upon Dr. Mukkamala's evaluation.

On October 17, 2013, Bruce Guberman, M.D., evaluated Mr. Menei. Dr. Guberman noted that Mr. Menei reported experiencing occasional pain, swelling, stiffness, and instability in the left leg and ankle. He then stated that on examination, range of motion abnormalities, a slight shortening of the left leg, and atrophy of the left calf and thigh were present. Dr. Guberman indicated that Mr. Menei only sustained permanent impairment as a result of atrophy of the left calf and thigh, for which he opined that Mr. Menei sustained 5% whole person impairment. Finally, Michael Condaras, D.C., evaluated Mr. Menei on April 24, 2014. He noted that Mr. Menei reported experiencing occasional stiffness in the left knee and ankle with mild tenderness in the left kneecap. Dr. Condaras opined that the compensable injury was well-healed and further opined that Mr. Menei sustained no permanent impairment as a result of the compensable injury.

In its Order affirming the July 5, 2013, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Menei did not sustain any permanent impairment as a result of the compensable left tibia and fibula fractures. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 28, 2015. On appeal, Mr. Menei asserts that the opinion of Dr. Guberman establishes that he sustained 5% whole person impairment as a result of the compensable injury and is therefore entitled to a 5% permanent partial disability award.

The Office of Judges found that the residual effects of the compensable left tibia and fibula fractures appear to be minimal in light of the representations Mr. Menei made to the evaluating physicians and in his deposition, in which he testified that he experiences only occasional soreness and weakness in the left leg. Further, the Office of Judges found that the evaluations of Dr. Mukkamala and Dr. Condaras corroborate each other. Finally, the Office of Judges found that Dr. Guberman's conclusion that Mr. Menei suffers from a shortening of the left leg and atrophy of the left calf and thigh is not corroborated by any medical evidence of record.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. As was noted by the Office of Judges, Dr. Guberman based his 5% impairment recommendation on his finding of atrophy in Mr. Menei's left calf and thigh. However, this finding is not corroborated by any of the additional medical evidence of record. Further, both Dr. Mukkamala and Dr. Condaras concluded that Mr. Menei has fully recovered from the compensable injury with no residual impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 11, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman